UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS JAMES ASHBY

    Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. 2:17-CV-01576-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Douglas James Ashby, proceeding *pro se*, filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 9.

After considering the record, the Court concludes Plaintiff has failed to show the Administrative Law Judge ("ALJ") erred in determining: (1) Plaintiff's severe impairments at Step Two; (2) Plaintiff did not meet or equal a Listing at Step Three; and (3) Plaintiff's residual functional capacity ("RFC"). Accordingly, the decision of the Deputy Commissioner of Social

Security for Operations ("Commissioner") is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On March 31, 2016, Plaintiff filed an application for DIB, alleging disability as of October 1, 2015. *See* Dkt. 11, Administrative Record ("AR") 15. The application was denied on initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ S. Andrew Grace on November 10, 2016. *See* AR 37-67. On April 21, 2017, the ALJ held a supplemental hearing. AR 68-103. In a decision dated June 15, 2017, the ALJ determined Plaintiff to be not disabled. AR 15-28. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6, 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, the Court finds Plaintiff is arguing the ALJ erred by: (1) failing to find all Plaintiff's impairments severe at Step Two; (2) failing to properly consider Plaintiff's combination of impairments at Step Three; and (3) improperly assessing Plaintiff's RFC. Dkt. 14.[1,2]

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

---

[1] Defendant asserts Plaintiff raised the following grounds in his Opening Brief: (1) Did the ALJ reasonably weigh the medical opinions of record?; (2) Did the ALJ reasonably evaluate Plaintiff's symptom testimony?; and (3) Does substantial evidence show Plaintiff is able to work despite his impairments? Dkt. 15. The Court recognizes Plaintiff has not briefed his assignments of error in a traditional manner; rather, he submitted a letter detailing his disagreements with the ALJ's decision. Therefore, the Court finds the assignments of error are as listed in the body of this Order, not as outlined by Defendant.

[2] At the end of his Opening Brief, Plaintiff requests appointed counsel if the Court thinks he needs an attorney. Dkt. 14, p. 2. The Court has previously determined Plaintiff has not shown appointment of counsel is appropriate in this case. Dkt. 8. In his Opening Brief, Plaintiff provides no argument regarding his request for counsel. Therefore, the Court declines to appoint counsel in this case.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ erred at Step Two.**

In the Opening Brief, Plaintiff states he suffers from emphysema, diabetes, Charcot-Marie-Tooth, sleep apnea, arthritis, and depression. Dkt. 14. The Court finds Plaintiff is alleging the ALJ erred by failing to find some of his diagnoses to be severe impairments at Step Two of the sequential evaluation process.

Step Two of the administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (*quoting* 20 C.F.R. §140.1521(b)). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* (*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling "SSR" 85-28)).

Here, the ALJ found Plaintiff suffered from the following severe impairments: diabetes mellitus[3], Charcot-Marie-Tooth, obesity status post gastric bypass surgery, chronic obstructive

---

[3] "Diabetes mellitus" is commonly referred to as "diabetes."

pulmonary disease ("COPD"), sleep apnea, chronic pain syndrome, neuropathy, mild asthma, persistent depressive disorder, and social anxiety disorder. AR 17.

Plaintiff states he suffers from emphysema, diabetes, Charcot-Marie-Tooth, sleep apnea, arthritis, and depression. Dkt. 14, p. 1. The ALJ found Plaintiff's diabetes, Charcot-Marie-Tooth, sleep apnea, and depression were severe impairments. AR 17. Plaintiff contends he also suffers from emphysema and arthritis, which the ALJ did not find to be severe impairments. *See* Dkt. 14; AR 17. However, Plaintiff fails to provide record citations showing he has been diagnosed with emphysema or arthritis and fails to allege these two conditions cause significant limitations in his ability to perform basic work activities. *See* Dkt. 14. Plaintiff does state his emphysema contributes to his mobility issues. *Id.* at p. 2. He also states his arthritis causes his joints to be even stiffer. *Id.* However, he does not cite to the record to support these assertions or explain how his mobility issues and stiffer joints limit his ability to perform basic work activities. *See id.* Furthermore, at the ALJ hearing, Plaintiff's representative did not assert Plaintiff has been diagnosed with or is disabled because of emphysema or arthritis. *See* AR 40. As Plaintiff failed to explain how his emphysema and arthritis are severe impairments or cite to any evidence supporting his assertion, the Court finds Plaintiff has not shown the ALJ erred at Step Two. *See Shinseki v. Sanders*, 556 U.S. 396, 410 (2009) (finding the plaintiff has the burden of demonstrating there are harmful errors in the ALJ's decision).

**II.     Whether the ALJ failed to properly consider Plaintiff's combination of impairments at Step Three.**

Plaintiff argues the ALJ erred by failing to consider Plaintiff's combination of impairments. Dkt. 14, p. 1. Plaintiff listed his "maladies" and then provided some general information regarding

Charcot-Marie-Tooth Disease ("CMT"),[4] one of Plaintiff's severe impairments. *Id*. at pp. 1-2. The Court finds Plaintiff is arguing the ALJ failed to consider whether the combination of his impairments and, in particular, CMT met or equaled a Listing. *Id*.

At Step Three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established in order for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. § 416.920(d).

The burden of proof is on the claimant to establish he meets or equals any of the impairments in the Listings. *See Tacket*, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526). A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508. It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." *Id.*; *see also* Social Security Ruling ("SSR") 96–8p, 1996 WL 374184 *2 (a step three determination must be made on basis of medical factors alone). An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83–19, 1983 WL 31248 *2. The ALJ "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant

---

[4] CMT is "a degenerative neurological disorder that affects the structure and function of the nerves that serve the extremities." *Farley v. Astrue*, 2011 WL 653895, at *1 (D. Or. Feb. 14, 2011).

presents evidence in an effort to establish equivalence." *Burch v. Barnhart,* 400 F.3d 676, 683 (9th Cir. 2005).

In considering Step Three, the ALJ found that, although Plaintiff has severe physical impairments, the impairments "do not meet the criteria of any listed impairments described in the Listing of Impairments in Appendix 1 of the Regulations." AR 18. The ALJ stated,

> No treating or examining physician has reported clinical findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that were the same or equivalent to those of any listed impairment of the Listing of Impairments.

AR 18. In reaching his conclusion, the ALJ stated he specifically considered Listings 1.02 (Major dysfunction of a joint due to any cause), 1.04 (Disorders of the spine), 3.00 (Respiratory disorders), 9.00 (Endocrine disorders), and 11.14 (Peripheral neuropathy). AR 18. The ALJ also considered Plaintiff's obesity alone and in combination with his other impairments and considered whether Plaintiff's mental impairments met or equaled a Listing. AR 18-19.

Plaintiff asserts the ALJ did not properly consider his CMT. Dkt. 14. CMT is an impairment that is considered under Listing 11.14, peripheral neuropathy. *See Dreher v. Comm'r of Soc. Sec. Admin.*, 2016 WL 4920000, at *9 (N.D. Ohio June 7, 2016) ("Courts have previously found limitations caused by Charcot-Marie-Tooth disease, determined by the ALJ as a severe impairment, are properly analyzed under subsection 11.14."); *Walters v. Colvin*, 604 Fed. App'x. 643, 645, 647 (10th Cir. 2015) (upholding ALJ's finding that claimant with severe impairment of Charcot-Marie-Tooth disease did not meet or equal Listing 11.14).

Here, the ALJ considered whether Plaintiff met or equaled Listing 11.14. Therefore, the ALJ considered the appropriate Listing when determining if Plaintiff's CMT met or equaled a Listing. Plaintiff has not provided any evidence or explanation showing he meets or equals Listing 11.14, or any other Listing. *See* Dkt. 14. For example, Plaintiff failed to cite to any medical

evidence contained in the record showing his CMT meets or equals Listing 11.14. *See id*. Further, at the ALJ hearings, Plaintiff's representative did not assert Plaintiff met or equaled a Listing. *See* AR 40. Thus, Plaintiff has not shown the ALJ erred in finding Plaintiff's impairments did not meet or equal a Listing at Step Three. *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (finding the ALJ did not err at Step Three when the plaintiff offered no theory, plausible or otherwise, as to how his impairments combined to equal a listed impairment or pointed to evidence showing his combined impairments equal a listed impairment); *Scott v. Colvin*, 2013 WL 1562009, *5-6 (W.D. Wash. March 20, 2013) (finding the plaintiff failed to show the ALJ erred at Step Three when the plaintiff did not proffer any plausible theory as to how his combined impairments equaled a listed impairment).

### III. Whether the ALJ properly considered Plaintiff's limitations.

Last, Plaintiff argues he cannot work because he frequently falls, has numbness in his hands and feet, and he cannot be on his feet for even a short period of time. Dkt. 14, p. 2. The Court finds Plaintiff is challenging the ALJ's RFC determination.

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. However, a claimant's inability to work must result from his or her "physical or mental impairment(s)." *Id*. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id*. In assessing a claimant's RFC, the ALJ is also required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id*. at *7.

1       In this case, the ALJ found Plaintiff has the RFC to perform less than the full range of

2 light work with the following limitations:

> The claimant can perform jobs that involve two hours of standing or walking in an eight-hour workday. He can occasionally climb, stoop, kneel, crouch, and crawl. The claimant can perform jobs that allow him to avoid concentrated exposure to extreme temperatures, vibrations, pulmonary irritants, and hazards. He can handle, finger, and feel frequently with the bilateral upper extremities. The claimant can occasionally operate foot controls. Additionally, the claimant can perform unskilled and semiskilled tasks consistent with an SVP up to SVP 4.

AR 19-20.

      Plaintiff states he is unable to be on his feet for even a short period of time and he is unable to grip items. Dkt. 14. Plaintiff explained how his impairments limit his ability to work. *Id*. For example, Plaintiff states diabetes can cause fatigue and contributes to the numbness in his extremities, he frequently drops things, his emphysema contributes to his mobility issues, and he cannot walk more than a couple of blocks without stopping to catch his breath. *Id*. at p. 2. Plaintiff is asserting the ALJ did not properly account for all his limitations in determining Plaintiff's RFC and finding Plaintiff is capable of performing his past work as a tax return preparer.

      A review of the record shows there are three medical opinions related to Plaintiff's physical limitations, which were completed by Drs. Guillermo Rubio, M.D., Donna LaVallie, D.O., and John Coe, D.O. *See* AR 105-119, 121-132, 442-450. The ALJ considered these three opinions when determining Plaintiff's RFC. *See* AR 24-25. He explained the weight assigned to each opinion and provided detailed reasons for discounting any portion of the opinions. Plaintiff does not reference these medical opinions in his Opening Brief, nor assert that the ALJ erred in considering the medical evidence. *See* Dkt. 14. Therefore, the Court finds Plaintiff has not shown

the ALJ erred in his consideration of the medical opinion evidence when determining the RFC and finding Plaintiff could perform his past relevant work.

Plaintiff also does not assert the ALJ failed to properly consider Plaintiff's subjective symptom testimony, or the lay evidence. *See* Dkt. 14. Further, Plaintiff has not identified any significant, probative evidence the ALJ failed to consider and has not provided specific arguments as to why the ALJ's determination of the RFC is not supported by substantial evidence or contains legal error. *See id.*

The Court also notes Plaintiff testified that he can stand or walk for an hour and a half at one time, which is not inconsistent with the ALJ's finding that Plaintiff can perform a job that involves two hours of standing or walking total in an eight-hour day. AR 19, 55. Additionally, during a consultative examination with Dr. Coe, Plaintiff's right grip strength tested at "65-65-60" pounds and his left grip strength tested at "65-60-55" pounds. AR 445. Plaintiff's wrists had normal range of motion and his finger approximation was intact. AR 447. Dr. Coe, who provided the most limiting opinion regarding Plaintiff's physical impairments, found Plaintiff had no postural or manipulative limitations. AR 448. Therefore, there is unchallenged evidence in the record supporting the ALJ's RFC determination regarding Plaintiff's ability to stand/walk and grip.

For the above stated reasons, the Court finds Plaintiff has not shown the ALJ erred in determining the RFC. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his "substantial rights."); *Crawford v. Colvin*, 2014 WL 2216115, *9 (W.D. Wash. May 29, 2014) (finding the plaintiff failed to demonstrate error when she failed to demonstrate the ALJ's reliance on other evidence and interpretation of the evidence overall was not rational).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 10th day of April, 2018.

David W. Christel
United States Magistrate Judge